UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| UNITED STATES OF AMERICA | Criminal Case No  1:20CR50JJM-LDA |
|---|---|
| v. | In Violation of 18 U.S.C. §§ 1349, 1343, 1028A |
| CHRISTOPHER SANCHEZ MATOS | |

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
(Conspiracy to Commit Wire Fraud – 18 U.S.C. §§ 1349)

### Introduction

At all times relevant to and for the purposes of this Information:

1. Defendant Christopher Sanchez Matos ("SANCHEZ") resided in State of New York.

2. AT&T Wireless, which does business as "AT&T," provided cellular communications products and services to its customers.

3. AT&T Wireless customers could obtain cellular telephones, including Apple iPhones, from OSL, a retailer that did business as "Walmart Wireless," had access to AT&T Wireless customer records, and sold cellular telephones from inside Walmart stores in Rhode Island and elsewhere.

4. "Upgrades" or promotional plans were available through OSL to certain AT&T customers whereby they – or those who were authorized users on the customers' accounts – could obtain cellular telephones without paying any upfront costs, aside from sale taxes, and the customer accounts would later be billed, in installments, for the cost of the telephones.

5. "DM," an adult residing in the United States outside Rhode Island, was an AT&T Wireless customer.

## The Conspiracy

6.    Beginning on a date unknown but not later than December 2018 and continuing through March 7, 2019, in the District of Rhode Island and elsewhere, Defendant SANCHEZ and known coconspirators – Ruben Gomez, Oliver Mercedes, and Javier Rodriguez – and conspirators unknown to the Grand Jury did knowingly, willfully, and unlawfully combine, conspire, and agree with each other and other unknown persons to commit wire fraud by knowingly devising and intending to devise a scheme and artifice to defraud and obtain money and property from others by means of false and fraudulent pretenses, representations, and promises, through the transmission in interstate commerce of wire communications, in violation of 18 U.S.C. § 1343.

## Object of the Conspiracy

7.    The object of the conspiracy was for Defendant SANCHEZ and his coconspirators to obtain property, specifically cellular telephones, from retailers without paying for the telephones, aside from sales taxes.

## Manner and Means of Conspiracy

8.    Defendant SANCHEZ provided AT&T Wireless customer information – specifically customer names, telephone numbers, and social security numbers – to coconspirators.

9.    Those coconspirators provided the customer information – name, telephone number, and social security number – to OSL sales persons to obtain unauthorized access to the customers' AT&T Wireless accounts.

10.    Those coconspirators had the retail costs of the cellular telephones billed to the customers' AT&T Wireless accounts and obtained cellular telephones by paying the sales person only the sales taxes for the cellular telephone.

## Acts in Furtherance of Conspiracy

11.    On or about March 6, 2019, a room was reserved in the name of Defendant

SANCHEZ at a motel in Warwick, Rhode Island, and that room was used by three coconspirators – Ruben Gomez, Oliver Mercedes, and Javier Rodriguez – who traveled to Rhode Island from Bronx, New York.

12. On or about March 7, 2019, Defendant SANCHEZ provided via cellular telephone the names, telephone numbers, and social security numbers of AT&T customers, including DM, to coconspirators Ruben Gomez, Oliver Mercedes, and Javier Rodriguez.

13. After Defendant SANCHEZ provided DM's personal identification information, coconspirators Ruben Gomez, Oliver Mercedes, and Javier Rodriguez drove to a Walmart Store in Cranston, Rhode Island.

14. After Defendant SANCHEZ provided DM's personal identification information, Oliver Mercedes without authorization from DM

  (a) provided DM's personal identification information, including social security number, to an OSL sales person at the Walmart Store in Cranston, for the purpose of falsely asserting that he, Oliver Mercedes, was an authorized user on DM's account with AT&T Wireless;

  (b) had the cost of five Apple iPhone applied to DM's account with AT&T, and

  (c) obtained from the OSL sales person five Apple iPhone cellular telephones.

All in violation of 18 U.S.C. § 1349.

## COUNT 2
(Wire Fraud)

15. The allegations contained in paragraph 1-5 are re-alleged and incorporated by reference as thought fully set forth herein.

### Scheme and Artifice to Defraud

16. Beginning on an unknown date and continuing to on or about March 7, 2019, in the District of Rhode Island and elsewhere, Defendant SANCHEZ and others known and unknown to the Grand Jury did knowingly and with intent to defraud devise a scheme to defraud and obtain money from others by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, through the transmission of interstate commerce of wire communications.

### Object of Scheme to Defraud

17. The object of the scheme to defraud was the same as the object of the conspiracy to commit wire fraud, and accordingly, paragraph 7 is re-alleged and incorporated by reference as though fully set forth herein.

### Manner and Means of the Scheme to Defraud

18. The manner and means of the scheme to defraud were the same as the manner and means of the conspiracy to commit wire fraud, and accordingly, paragraphs 8 through 10 are re-alleged and incorporated by reference as though fully set forth herein.

### Execution of the Scheme to Defraud

19. On or about March 7, 2019, in the District of Rhode Island and elsewhere, for the purpose of executing and attempting to execute the scheme and artifice to defraud, Defendant SANCHEZ did transmit and cause to be transmitted from outside the state to Rhode Island certain wire communications in interstate commerce.

In violation of 18 U.S.C. §§ 1343 and 1349.

## COUNT 3
(Aggravated Identity Theft)

20. On or about March 7, 2019, in the District of Rhode Island and elsewhere, Defendant SANCHEZ did knowingly possess and transfer, without lawful authority, a means of identification of another person during and in relation to felony violations enumerated in 18 U.S.C. § 1028A(c), specifically conspiracy to commit wire fraud in violation of 18 U.S.C. 1349 (as charged in Count 1) and wire fraud in violation of 18 U.S.C. § 1343 (as charged in Count 2), knowing that the means of identification belonged to another actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

A TRUE BILL:

                                                                                    _____
                                                                                    Grand Jury Foreperson

AARON L. WEISMAN
United States Attorney

_____
MILIND M. SHAH
Assistant U.S. Attorney

_____                            Date: 7/17/2020
SANDRA R. HEBERT
Assistant U.S. Attorney
Deputy Criminal Division Chief

5